UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DANIEL ROBERT LIPSKY,<br><br>                    Plaintiff,<br><br>        vs.<br><br>JUDGE LAWRENCE PIERSOL, in his individual capacity,<br><br>                    Defendant. | 5:24-CV-05074-CCT<br><br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Defendant Judge Lawrence Piersol moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint filed against him by Plaintiff Daniel Robert Lipsky. Docket 13.

## BACKGROUND

Mr. Lipsky's complaint against Judge Piersol, Docket 1, incorporates by reference a lawsuit Mr. Lipsky filed in the United States District Court for the District of South Dakota on April 26, 2022, against the City of Hot Springs and several City of Hot Springs police officers (Defendants) for actions arising out of a traffic stop involving Mr. Lipsky, *Lipsky v. Cronin, et al.* (*Lipsky I*), 22-CV-5039-LLP.[1] While the pleadings and filings from *Lipsky I* are not within the four corners of Mr. Lipsky's complaint in the current matter, "[i]n adjudicating Rule

---

[1] References to the docket in *Lipsky I* will be "22-CV-5039-LLP" or "*Id.*" followed by the specific docket number in parentheses. References to the docket in the current matter against Judge Piersol will be "Docket" without parentheses followed by the filing number and page number where applicable.

12(b) motions, courts are not strictly limited to the four corners of complaints." *Dittmer Props., L.P. v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013) (citation omitted). Rather, courts may "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record[.]" *Id.* (citations and internal quotation marks omitted). Therefore, the Court considers matters from the public docket in *Lipsky I* that give necessary context to Mr. Lipsky's current claims against Judge Piersol.

Mr. Lipsky alleges in his complaint in *Lipsky I* that he was "driving [his] tractor trailer as part of [his] job" on December 17, 2019, when he was "stopped by a police officer who claimed [he] was speeding." 22-CV-5039-LLP (Docket 1 at 5). Mr. Lipsky claimed that the stop lasted for over an hour and that he was told he was going to be placed under arrest for driving under the influence despite his denial of being under the influence of any substance. *Id.* Mr. Lipsky also alleged that an officer took his wallet and removed $200 in cash. *Id.*

Mr. Lipsky was taken to the Hot Springs Police Department, where he underwent a breathalyzer and urinalysis. *Id.* Mr. Lipsky claimed that the urinalysis came back negative and "breathalyzer registered at 0.00." *Id.* However, Mr. Lipsky was ultimately charged with driving under the influence and reckless driving. *Id.* According to Mr. Lipsky, he then "spent the next several months going to court and fighting these false charges." *Id.* He further alleged that he was eventually cleared of all charges. *Id.* at 6.

On April 26, 2022, Mr. Lipsky filed suit against the City of Hot Springs and several Hot Springs police officers in federal court under 42 U.S.C. § 1983 for unlawful arrest and search and seizure and claims for false imprisonment, malicious prosecution, criminal conspiracy, and negligent hiring, training and supervision. 22-CV-5039-LLP (Docket 1). Judge Piersol was assigned to preside over the case. *See generally* 22-CV-5039-LLP.

On May 23, 2022, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. *Id.* (Docket 6). Mr. Lipsky opposed the motion. *Id.* (Docket 11). Ultimately, on March 6, 2023, Judge Piersol granted the motion in part and denied it in part. *Id.* (Docket 16 at 19). Thereafter, the parties engaged in discovery, during which disputes arose and motions were filed. *See generally* 22-CV-5039-LLP.

On June 3, 2024, Defendants filed a motion for summary judgment. *Id.* (Docket 51). Mr. Lipsky did not file a timely response; however, prior to Defendants' motion for summary judgment, Mr. Lipsky filed a motion to extend deadlines to an undetermined future date. *Id.* (Docket 42). On August 27, 2024, Judge Piersol issued an order determining that all pending discovery disputes were resolved, denying Mr. Lipsky's motion to extend deadlines, and ordering Mr. Lipsky to respond to Defendants' motion for summary judgment motion within 45 days from the date of the order. *Id.* (Docket 59).

Prior to the expiration of the 45-day deadline, Mr. Lipsky filed a notice expecting Judge Piersol to recuse himself from *Lipsky I* because Mr. Lipsky filed this current lawsuit against Judge Piersol individually. *Id.* (Docket 71). In

his notice, Mr. Lipsky explained that he filed the lawsuit against Judge Piersol because he "does not have the time or the patience to appeal all" of the "unfair, inexplicable, and bizarre rulings" made in *Lipsky I. Id.* On October 1, 2024, Judge Piersol issued an order declining to recuse himself. *Id.* (Docket 72). In the order, Judge Piersol noted that based on the court's prior order, Mr. Lipsky had until October 11, 2024, to respond to Defendants' motion for summary judgment. *Id.*

On October 10, 2024, Mr. Lipsky filed a second motion to recuse Judge Piersol, alleging that "it would be a major conflict of interest for Judge Piersol to continue on this case" in light of Mr. Lipsky's separate lawsuit against him. *Id.* (Docket 73 at 1). In the notice, Mr. Lipsky indicated his intent to appeal an adverse ruling on the recusal motion, and he requested an extension of deadlines. *Id.*

On October 24, 2024, Judge Piersol issued an order denying recusal, concluding that any acts or omissions by him were done in his official capacity as the judge assigned to Mr. Lipsky's case and further that Mr. Lipsky has not shown a basis for recusal. *Id.* (Docket 76 at 1–2). Judge Piersol also addressed Mr. Lipsky's request for an extension of time, which was interpreted to be "a request that the pending motion for summary judgment not be ruled upon until the proposed appeal from this denial of recusal is resolved by the United States Court of Appeals for the Eighth Circuit." *Id.* (Docket 76 at 2). Judge Piersol found "no basis for an intermediate appeal from this denial of recusal"; however, he indicated that he would "not rule on the Defendant's summary

judgment motion until 30 days after the Court of Appeals for the Eighth Circuit rules on an attempted appeal from this Order." *Id.* Mr. Lipsky appealed the denial of recusal, and the Eighth Circuit dismissed the appeal for lack of jurisdiction on November 26, 2024.[2] *Id.* (Dockets 77, 79, 82).

Turning to Mr. Lipsky's current lawsuit against Judge Piersol, the Court states Mr. Lipsky's factual allegations from the complaint in a light most favorable to Mr. Lipsky because "[w]hen reviewing a motion to dismiss under Rule 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party." *See Jorgensen v. Union Cnty.*, 4:22-cv-04124-KES, 2023 WL 4868325, at *2 (D.S.D. July 31, 2023) (citation omitted).

Mr. Lipsky brings suit under 42 U.S.C. § 1983, claiming that Judge Piersol violated his Fifth Amendment right to due process. Docket 1 at 1, 5. He alleges that "Judge Piersol is involved in a scheme to purposefully derail civil rights complaints." Docket 1 at 2. In this regard, Mr. Lipsky "believes" that Judge Piersol has instructed his granddaughter, who he alleges works as a clerk in his courtroom, "to forward to [Judge Piersol] civil rights complaints that are valid so that he can purposefully stall, delay and cause them to fail." *Id.* Mr. Lipsky also alleges that Judge Piersol engaged in ex parte communications with the South Dakota Attorney General's Office and the attorney for Defendants in *Lipsky I. Id.* While Mr. Lipsky does not give details

---

[2] On March 31, 2025, Judge Piersol issued an order granting Defendants' motion to dismiss, 22-CV-5039-LLP (Docket 87), and a judgment dismissing Mr. Lipsky's suit, *Id.* (Docket 88).

regarding these ex parte communications, he "presupposes these actions by [Judge] Piersol are done on behalf of his corrupt political cronies who have a financial interest in destroying civil rights cases" and contends that he plans to subpoena Judge Piersol's phone records "to prove these claims[.]" *Id.*

Mr. Lipsky then relates what he regards as "[m]assive anomalies" in *Lipsky I. Id.* at 3. Those include: (1) *Lipsky I* sat for nearly a year without a ruling by Judge Piersol on Defendants' motion to dismiss; (2) Judge Piersol sometimes took up to six months to decide discovery motions; (3) Judge Piersol "has completely ignored [Mr. Lipsky's] complaints about opposing council [sic] withholding material evidence[;]" (4) Judge Piersol incorrectly denied his motion to compel on the basis that he did not certify in good faith that he attempted to confer with defense counsel when Mr. Lipsky "*very clearly stated on the face of [his] motion to compel*" that he so certified; and (5) Judge Piersol changed, without permission, Mr. Lipsky's false imprisonment claim to a claim of an extended detention. *Id.* at 3–4 (emphasis in original).

In his prayer for relief, Mr. Lipsky requests that Judge Piersol be disqualified from *Lipsky I* and "any future civil rights actions [Mr. Lipsky] might be involved in." *Id.* at 5. He also "requests both monetary and punitive damages" against Judge Piersol "after discovery and a trial." *Id.*

Judge Piersol moves to dismiss Mr. Lipsky's complaint, Docket 13, asserting that he "is entitled to absolute judicial immunity from suit for claims arising out of his role in presiding of Lipsky's case" and further that even if immunity does not exist, "the Due Process claim [Mr. Lipsky] attempts to assert

6

is not cognizable under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[,]" Docket 14 at 1.[3] Mr. Lipsky's responsive filing summarizes the "strong circumstantial evidence" he contends supports that "Judge Piersol was involved in fixing cases[,]" which he explains to "mean that [Judge Piersol] is not making decisions based on evidence or statutory law, but is making decisions to assist his political cronies[.]" Docket 15; *see also* Docket 16. He further suggests that this evidence supports that Judge Piersol should not be afforded judicial immunity. Docket 16 at 3. However, the "strong circumstantial evidence" raises factual allegations that Mr. Lipsky did not include in his complaint.[4] Therefore, the Court does not consider these new allegations when ruling on Judge Piersol's motion to dismiss. *See Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (declining to consider factual allegations presented in opposition to a motion to dismiss that were not included in the amended complaint).

---

[3] Mr. Lipsky brought suit under 42 U.S.C. § 1983. Docket 1. However, he acknowledges in his opposition to Judge Piersol's motion to dismiss that his action should have been brought as a *Bivens* claim. Docket 15. Because Mr. Lipsky is pro se, this Court construes his complaint to assert claims under *Bivens*.

[4] Prior to relating the new allegations, Mr. Lipsky states that he "has personally read every single civil rights case filed within the South Dakota federal court system for the last twenty years either through PACER or the internet." Docket 16 at 1. He further claims he "received a phone call from a man" that had read his lawsuit in *Lipsky I* and told Mr. Lipsky that he too filed a civil rights lawsuit in which Judge Piersol "engaged in some of his usual strategies" that weakened the man's lawsuit before dismissing the lawsuit in full. *Id.* at 2. In regard to the new factual allegations, Mr. Lipsky believes Judge Piersol's personal wealth disclosed in his financial disclosures is "a sign that [Judge] Piersol has been on the take[.]" *Id.* at 3. He then "indulge[s] in some speculation" about "who is paying him and how [he is] collecting the money" and directs this Court to scandals by other judges, information about T. Denny Sanford, Attorney General Marty Jackley, and Judge Piersol's wife. *Id.* at 4–5.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "[D]etailed factual allegations are unnecessary[.]" *Spearfish Evans-Tonn Ditch Co. v. Horizon Invst., LLC*, 715 F. Supp. 3d 1219, 1225 (D.S.D. 2024). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1226 (quoting *Ashcroft*, 556 U.S. at 678). A pro se complaint, while construed liberally, "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## DISCUSSION

"Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (citation omitted). Therefore, "[a] judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). The excepted circumstances include: "nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity" and "actions, though judicial

8

in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles*, 502 U.S. at 11–12). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (quoting *Mireles*, 502 U.S. at 11); *see also Black Bear v. Wickre, et al.*, 5:24-CV-05065-RAL, 2025 WL 868955, at *7 (D.S.D. Mar. 20, 2025).

Under the first exception, "[a]n act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander,* 678 F.2d 754, 756 (8th Cir. 1982) (citing *Stump v. Sparkman,* 435 U.S. 349, 362 (1978); *White v. Bloom*, 621 F.2d 276, 279–80 (8th Cir. 1980)). Importantly, "to determine whether an act is judicial, [the court] consider[s] 'the particular act's relation to a general function normally performed by a judge,' not the propriety of the act itself." *Woodworth*, 891 F.3d at 1091 (citation omitted).

Here, even accepting as true Mr. Lipsky's allegations in his complaint about the "[m]assive anomalies" that occurred in *Lipsky I*, he has not established that the first exception to judicial immunity applies. Judge Piersol's alleged acts—propriety and timing of his rulings on the motion to dismiss and discovery motions and characterization of Mr. Lipsky's claims in his complaint—were made while Judge Piersol was presiding over *Lipsky I* and are of the type of acts normally done by a judge. *See Schottel*, 687 F.3d at 373 (ruling on motions are judicial acts); *Bloom*, 621 F.2d at 279–80 (noting that judicial acts allegedly done in error are nevertheless judicial acts).

Further, Mr. Lipsky's allegation of ex parte communications by Judge Piersol implicates judicial acts done when Mr. Lipsky was dealing with Judge Piersol in his judicial capacity. *See Forrester v. White,* 484 U.S. 219, 227 (1988) (explaining that the "informal and *ex parte* nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character"); *Woodworth*, 891 F.3d at 1093 (noting that "the *ex parte* nature of a communication does not transform it into a nonjudicial act"). Finally, as it pertains to allegations related to Judge Piersol's case management, including if he directed his clerk on case filings, such acts are judicial in nature regardless of whether the acts were taken in error or in excess of authority. *See Mireles*, 502 U.S. at 12; *see also Grazzini-Rucki v. Knutson*, 597 F. App'x 902, 903 (8th Cir. 2015) ("The assignment of cases, however, 'is still a judicial function in the sense that it directly concerns the case-deciding process.'" (citation omitted)).

Under the second exception, the United States Supreme Court explained that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge[,]" and "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump*, 435 U.S. at 356 (citation omitted). Applying that standard here, it is clear that Judge Piersol's acts were taken within the judge's jurisdiction. Indeed, even if Judge Piersol acted outside his authority, that does not mean he acted in complete absence of jurisdiction. *See Mireles*, 502 U.S. at 13 (noting that "an action—taken in the very aid of the

judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction"); *Coleman v. Watt*, 40 F.3d 255, 259 (8th Cir. 1994) (explaining "that acts which merely exceed jurisdiction will not strip" judges "of their absolute immunity from suits for damages").

Applying the standards applicable to a motion to dismiss pursuant to Rule 12(b)(6), Mr. Lipsky has not stated facts that bring his complaint within either exception to judicial immunity. Therefore, Judge Piersol is entitled to absolute judicial immunity, and it is unnecessary to address the alternative argument that Mr. Lipsky's due process claim is not cognizable under *Bivens*.[5]

It is hereby

ORDERED that Defendant Judge Piersol's motion to dismiss, Docket 13, is granted. It is further

ORDERED that Plaintiff Daniel Robert Lipsky's case is dismissed with prejudice.

Dated April 2, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

---

[5] Mr. Lipsky did not respond to Judge Piersol's alternative argument and therefore waived the claim. *See Stock v. BNSF Railway Co.*, 2016 WL 4572188, at *3 (D.S.D. Aug. 13, 2016) (noting the failure to oppose a basis for dismissal waives the argument (citations omitted)).